UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS DEWITT MORGAN, | No. 2:20-cv-0603 CKD P |
| Petitioner, | |
| v. | ORDER |
| T. JUSINO, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was originally filed in the United States District Court for the Central District of California and challenges petitioner's sentence in United States v. Morgan (Morgan I), No. 2:18-cr-0019 JAM (E.D. Cal.). (ECF No. 1.) It was transferred to this court after it was determined that the petition should have been filed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. (ECF No. 10.) Petitioner then proceeded to file a motion to amend the § 2241 petition (ECF No. 14) and has since filed a notice of appeal in his criminal case (Morgan I, ECF No. 50).[1]

---

[1] The Ninth Circuit's docket shows that petitioner was ordered to show cause why his appeal should not be dismissed for failure to file a timely notice of appeal and that a decision has yet to be rendered. United States v. Morgan, No. 20-10150 (9th Cir.).

1

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A motion that is in substance a habeas petition "should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (construing a Rule 60(b) motion as a successive habeas petition). Thus, an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application. United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (citing Gonzalez, 545 U.S. at 531).

However, a court may not recharacterize a pro se litigant's motion as his first § 2255 motion unless the court informs the litigant of its intent to do so. Castro v. United States, 540 U.S. 375, 377 (2003). As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001). If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision. Castro, 540 U.S. at 377.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before a second or successive § 2255 motion is filed, it

> must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

2

>     convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Therefore, if a prisoner seeks to assert a claim that was not presented in his first § 2255 motion, he must move for certification from the court of appeals to file a second or successive motion and the district court lacks jurisdiction to consider the second or successive motion absent such prior certification.  Id.

Here, petitioner has not yet filed a § 2255 motion in Morgan I, therefore recharacterizing the instant § 2241 petition as a § 2255 motion does not run afoul of the prohibition against second or successive § 2255 motions.  Moreover, it does not appear that the statute of limitations governing § 2255 relief has expired in petitioner's case since petitioner was sentenced on October 22, 2019, and judgment was entered on October 24, 2019.[2]  (Morgan I, ECF Nos. 48, 49.)  Therefore, recharacterizing the § 2241 petition as a § 2255 motion would not bar petitioner from relief on the merits of the motion due to a statute of limitations bar.[3]

The court therefore notifies petitioner that in order for the court to consider his claims for relief he must either consent to the recharacterization of his § 2241 petition as a motion for habeas relief under § 2255, or withdraw the instant motion and file a motion bringing all claims for relief pursuant to § 2255 in a single, all-inclusive motion in Morgan I.  Failure to assert all of the grounds for relief in a single motion may preclude petitioner from asserting other grounds in a

---

[2]  A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) "the judgment of conviction becomes final;" (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).

[3]  The court takes no position on whether petitioner's claims would be barred as a result of any waiver contained in his plea agreement, particularly in light of the fact that it appears he may, in part, be challenging the voluntariness of his plea.  United States v. Seng Chen Yong, 926 F.3d 582, 590-91 (9th Cir. 2019) (involuntary plea invalidates plea agreement and can be challenged on collateral attack).

3

second or successive § 2255 motion.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the service of this order, petitioner shall notify the court whether he consents to the court recharacterizing his § 2241 petition as a § 2255 motion or whether he seeks to withdraw the § 2241 petition so that he may bring all claims for relief in a single § 2255 motion in his criminal case.

Dated: June 18, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:morg0603.recharacterize

4